UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

BRADLEY ALLEN McHORSE,

        Plaintiff,

v.

THE STATE OF MINNESOTA,
DEPARTMENT OF HUMAN SERVICES,
CLAY COUNTY SOCIAL SERVICES, and
Dr. MICHAEL MESSER,

        Defendants.

Civil No. 13-837 (MJD/LIB)


**REPORT AND RECOMMENDATION**

---

This case is before the undersigned United States Magistrate Judge on Plaintiff's motion for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff is a civilly committed detainee at the Minnesota Security Hospital in St. Peter, Minnesota. He is presently attempting to sue the State of Minnesota, the Minnesota Department of Human Services, Clay County [Minnesota] Social Services, and Dr. Michael Messer.

As far as the Court can tell, Plaintiff is seeking a declaratory judgment holding that the Minnesota statute under which he was committed, Minn.Stat. Chap. 253B, is unconstitutional, (at least as applied to Plaintiff). Plaintiff seems to be claiming that his

continuing confinement under Minnesota's civil commitment statute violates his federal constitutional rights under the First, Fifth, Eighth, Ninth and Fourteenth Amendments.

Plaintiff is asking our Court to conduct an "examination of Habeas Corpus policies of 253B, and to determine legality of indefinite commitment." (Complaint, [Docket No. 1], p. 4, "Request for Relief.") He is also seeking a judgment that would "overturn the commitment due to violation of my constitutional rights, and fraud by examiner." (Id.)

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In this case, Plaintiff has failed to state a cause of action, because his claims are barred by the principles discussed in Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the Supreme Court re-affirmed the longstanding rule that prohibits a state detainee from challenging the legality of his confinement in a federal civil rights action. According to Heck –

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... [T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

Id. at 486-87 (footnote omitted) (emphasis added).

Even when a plaintiff demands only money damages, he cannot bring a non-habeas civil action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483. See also Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) ("Heck requires favorable termination of the [prior state court] action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release").

The Court recognizes, of course, that Plaintiff is not presently challenging a state criminal conviction or sentence, and he is confined pursuant to a civil commitment judgment, not a criminal judgment. However, the principles set forth in Heck are fully applicable to state detainees who are confined by reason of a civil commitment, rather than a prison sentence. See Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (holding that Heck applies to civilly committed detainees who are confined under California's "Sexually Violent Predators Act"), cert. denied, 547 U.S. 1166 (2006); Banda v. New Jersey Special Treatment Unit Annex, 164 Fed.Appx. 286, 287 (3rd Cir.) (unpublished opinion) (Heck barred civilly committed detainee's lawsuit that challenged the legality of his commitment proceedings, "because a favorable outcome would necessarily imply the invalidity of his confinement"), cert. denied, 547 U.S. 1183 (2006); Talbot v. Loya, No. 4:03CV3400 (D.Neb. 2005), 2005 WL 2765131 at *2 ("[t]he principles and objectives expressed in Heck v. Humphrey apply as well to a person subject to an involuntary civil commitment as to a convicted prisoner serving a sentence"); Nelson v. Suire, No. 4:09CV658 DDN (E.D.Mo. 2009), 2009 WL 1161609 at *2 ("Heck applies where a civil detainee challenges an SVP ["sexually violent predator"] determination in a suit for damages"). See also Coffman v. Blake, 156 Fed.Appx. 863 (8th Cir. 2005) (unpublished

3

opinion) (affirming dismissal of civil lawsuit brought by civilly committed offender, which included claims barred by <u>Heck</u>).

In this case, the Court finds that a judgment in Plaintiff's favor on his current claims for relief would necessarily cast doubt on the legality of his confinement. Plaintiff's complaint specifically indicates that he is seeking to end his continuing commitment, because he allegedly is being detained in violation of his constitutional rights. (Complaint, p. 4, "Request for Relief.") The complaint also includes several cryptic phrases suggesting that Plaintiff is challenging the legality of his confinement – e.g., "patient must be released after symptoms are gone," (Complaint, p. 4, ¶ 9); "the right to a jury trial before commitment should be allowed, but is not," (<u>id</u>., p. 4, ¶ 8); "Minnesota fails to offer periodic judicial reviews," (<u>id</u>., p. 5, ¶ 10); and "14th Amendment right to not be deprived of liberty," (<u>id</u>., p. 5, ¶ 11). Although it is not entirely clear exactly what Plaintiff is attempting to accomplish in this action, the Court finds that his current claims for relief could not be vindicated without undermining the legality of his confinement.

According to <u>Heck</u>, the present action is premature. Plaintiff cannot maintain a civil action seeking release from custody, <u>or any other relief that would necessarily cast doubt on the validity of his confinement</u>, without first securing a court order specifically invalidating his civil commitment. In other words, Plaintiff must successfully challenge the civil commitment itself, in a legally appropriate forum and manner, (i.e., a state court action or appeal, or a federal habeas corpus action), before he can seek a civil judgment based on any allegedly wrongful acts or omissions that may have precipitated or prolonged his civil commitment.

4

Plaintiff seems to recognize that a person who is being held in custody pursuant to a state court judgment can seek a writ of habeas corpus in federal court under 28 U.S.C. § 2254, if the person claims that he or she is being detained in violation of the federal Constitution. However, as Plaintiff also seems to recognize, a state detainee cannot seek a writ of habeas corpus under § 2254, unless he or she has first fully exhausted all available state court remedies. 28 U.S.C. § 2254(b). See also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Plaintiff has not shown that he has exhausted his state court remedies for his current constitutional challenges to his confinement. Indeed, it seems quite clear from Plaintiff's submissions that he has not presented any of his current claims to any state court. Because Plaintiff has not satisfied the exhaustion of state court remedies requirement, his current civil complaint cannot be construed to be a § 2254 habeas corpus petition, and entertained as such.

Plaintiff apparently believes that there are no state court remedies that are available to him for his current claims for relief. (See Complaint, p. 5, ¶ 13.) However, that is simply not correct. Under Minnesota law, a person who has been civilly committed because he is mentally ill and dangerous can seek a discharge from custody under Minn.Stat. § 253B.18, subd. 5. That statute allows a civilly committed person to file a petition with the Minnesota Commissioner of Human Services. The petition is heard by "special review

board," and if that board determines that the petitioner is no longer mentally ill and dangerous, he can be released from custody, either provisionally or outright. See Minn.Stat. §§ 253B.18, subds. 7-15. If the petition is not granted, the petitioner can seek a rehearing and reconsideration from a judicial appeal panel. Minn.Stat. § 253B.19, subd. 2. If the request for rehearing and reconsideration is denied by the judicial appeal panel, the petitioner can seek further review in the Minnesota Court of Appeals. Minn.Stat. § 253B.19, subd. 5.

Furthermore, Minn.Stat. § 253B.23, subd. 5 provides that "[n]othing in this chapter shall be construed to abridge the right of any person to the writ of habeas corpus." Thus, it appears that aside from any remedy available under Chapter 253B itself, a civilly committed detainee can seek relief under Minnesota's state habeas corpus statutes – Minn.Stat. § 589.01 et seq. See State ex rel. Anderson v. U.S. Veterans Hospital, 128 N.W.2d 710, 714 (Minn. 1964) (recognizing that a civilly committed patient may challenge the constitutionality of his confinement through state habeas corpus procedures). According to the Minnesota Court of Appeals, "[i]t is well-established that a person who is civilly committed 'can test the legality of his confinement by habeas corpus,' although 'the scope of inquiry is limited'" to constitutional claims. Beaulieu v. Minnesota Dept. of Human Services, 798 N.W.2d 542, 546 (Minn.App. 2011), aff'd 825 N.W.2d 716 (Minn. 2013) (quoting Anderson, supra). See also In re Bailey, No. A05-1919, (Minn.App. 2006) (unpublished opinion), 2006 WL 9622 at *1 ("[a] challenge to the legality of a commitment will generally be brought through a petition for a writ of habeas corpus"), rev. denied, Mar. 14, 2006. It also should be noted that a state trial court order denying a habeas corpus petition can be appealed to the Minnesota Court of Appeals; and if the Court of Appeals

does not grant relief, further review can be sought in the Minnesota Supreme Court. Minn.Stat. § 589.29; Minn. R. App. P. 117.

Thus, Plaintiff is simply wrong in asserting that there are no available state court remedies by which he can challenge the legality of his civil commitment. Because Plaintiff has not exhausted those remedies, he cannot seek federal habeas corpus relief under § 2254 at this time.

## III. CONCLUSION

Again, the Court finds that a judgment upholding Plaintiff's claims in this case would necessarily cast doubt on the validity of his current confinement. Therefore, Plaintiff's current lawsuit is barred by the Supreme Court's decision in Heck. Plaintiff could challenge his confinement in a federal habeas corpus proceeding, but that cannot be done at this time, because he has not fully exhausted all available state court remedies.

Thus, the Court concludes that Plaintiff's complaint must be summarily dismissed for failure to state a cause of action on which relief can be granted. However, because this case is to be dismissed pursuant to Heck, it must be dismissed without prejudice. See Schafer v. Moore, 46 F.3d 43, 45 (8th Cir.1995) (per curiam) (action barred by Heck should be dismissed without prejudice). Finally, the Court will recommend that Plaintiff's IFP application be summarily denied (pursuant to § 1915(2)(B)(ii)), because he has failed to plead an actionable claim for relief.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff's motion for leave to proceed <u>in forma pauperis</u>, (Docket No. 2), be **DENIED**; and

2.  This action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: April 17, 2013

 s/Leo I. Brisbois

LEO I. BRISBOIS
United States Magistrate Judge

### N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by May 1, 2013,** a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.